```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA

DAVID DUCROS                                     CIVIL ACTION

VERSUS                                           NO: 09-6977

BURL CAIN, WARDEN                                SECTION: R
```

## ORDER AND REASONS

Before the Court is petitioner David Ducros's motion to appeal *in forma pauperis*. Because the Court finds that his appeal is not taken in good faith, the motion is DENIED.

### I. Background

Ducros is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He was convicted of second-degree murder in state court and was sentenced to life in prison without benefit of parole, probation, or suspension of sentence on December 4, 2003.

After unsuccessfully proceeding through the state appeal and post-conviction process, Ducros filed a habeas corpus petition asserting a number of claims. These claims included a challenge to the state-court's jury instructions, a contention that his counsel was constitutionally ineffective, and an assertion that there was insufficient evidence to convict him. The Magistrate Judge recommended that all of his claims be denied on the

merits.[1]  This Court adopted the Report and Recommendation and declined to issue a certificate of appealability.[2]  Ducros now moves to proceed with his appeal *in forma pauperis*.

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a).  A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.  *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship.").  The district court must

---

[1] R. Doc. 16.

[2] R. Docs. 18, 19.

inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Ducros's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $219.08 for the six months before he filed this motion. Ducros reports no other accounts or resources and he is not employed. This suggests that Ducros is unable to pay the costs of appeal.

Ducros, however, failed to state a nonfrivolous ground for appeal. An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(4)(B). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A determination of an IFP

movant's good faith, while necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits.  *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220).  "A complaint is frivolous if it lacks an arguable basis either in law or in fact."  *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

Ducros's claim that there was insufficient evidence to support his conviction for second-degree murder does not have an arguable basis in law or in fact.  Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.  In Louisiana, second-degree murder is defined as "the killing of a human being: (1) when the offender has a specific intent to kill or to inflict great bodily harm; or (2) when the offender is engaged in the perpetration or attempted perpetration of...armed robbery, first degree robbery, second degree robbery, [or] simple robbery...even though he has no intent to kill or inflict great bodily harm."  La. Rev. Stat. § 14:30.1(A)(1).  Specific intent is defined as the state of mind in which the perpetrator "actively desired the prescribed criminal consequences to follow his act or failure to act."  La. Rev. Stat. §14:10(1).  Intent

need not be proven directly but may be inferred from the actions of the defendant and the circumstances surrounding those actions. *State v. Tate*, 851 So.2d 921, 930 (La. 2003)(citing *State v. Brooks*, 505 So.2d 714, 717 (La. 1987)). As discussed extensively in the Magistrate Judge's Report and Recommendation, the jury had ample evidence and testimony to conclude that Ducros committed second-degree murder. The Magistrate Judge articulated the testimony and evidence presented at trial as follows:

> Duncan [the victim] and Ducros argued about his presence in her home. After the argument moved outside, Ducros was seen standing over Duncan with a knife in his hand. Duncan was sitting on the grass calling out for Ducros to stop. After a neighbor also called out for him to stop, Ducros stabbed Duncan. Their son, David, saw Ducros stab Duncan twice. The autopsy revealed that Duncan had at least nine cuts and stab wounds. The wounds were caused by a knife similar to the one found near the dumpster at the apartment complex where the killing occurred. Duncan's blood also was found in Ducros'ss car and on the t-shirt in the trunk. This was the same car in which he left the scene of the stabbing.[3]

There was more than sufficient evidence for a rational trier of fact to have found that the State proved Ducros had the requisite intent to kill or cause great bodily harm to Duncan, who died as a result of the stabbing. The state court's denial of relief on this claim was not contrary to, or an unreasonable application of *Jackson*.

---

[3] R. Doc. 14 at 22.

Ducros's claim that the trial court gave a defective reasonable doubt charge to the jury does not have an arguable basis in law or in fact. "The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). As the Magistrate Judge explained, the jury instruction given by the state trial court does not employ any of the problematic language previously addressed by the Supreme Court. *See Id.* at 5-7; *Cage v. Louisiana*, 498 U.S. 39, 39(1990); *Williams v. Cain*, 229 F.3d 468, 476 (5th Cir. 2000). Accordingly, the state court's denial of relief on this claim was neither contrary to nor an unreasonable application of Supreme Court precedent.

Ducros's claims of ineffective assistance of counsel do not have an arguable basis in law or in fact. Ducros alleges that his trial attorneys provided ineffective assistance when: (i) they denied him the right to testify; (ii) they failed to independently test exculpatory evidence; (iii) they presented a "bogus" theory of defense; (iv) failed to call defense witnesses; and (v) failed to object to the state trial court's jury instructions. Ducros has failed to show that counsel's performance was deficient or that the alleged deficient performance caused him prejudice. *See Strickland v. Washington*,

466 U.S. 668, 687 (1984) (performance and prejudice test). First, petitioner's claim that counsel was ineffective for denying him the right to testify has no arguable basis in law or fact.  The petitioner has the burden of proving that he was denied this right.  "[A] petitioner in a habeas proceeding cannot prevail on such a claim merely by stating to the habeas court that he told his trial attorney that he wished to testify and that his attorney forbade him from taking the witness stand." *Turcios v. Dretke*, 2005 WL 3263918, at *6 (S.D. Tex. 2005)(citing *Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991)).  The Magistrate Judge gave Ducros additional time to submit evidence in support of his assertion that his counsel prevented him from testifying.  Ducros submitted affidavits he sent to his counsel Thomas Murphy and Harold Duclox.  These affidavits are not signed by his attorneys and therefore do not support his claim.  Ducros also submitted an affidavit signed by Subrina Ducros stating that Thomas Murphy told her that whether Ducros testified was his decision.  This affidavit is unreliable hearsay.  The Court reviewed this evidence and adopted the Magistrate's Report recommending dismissal with prejudice.  Ducros has not submitted any evidence that would warrant a departure from the Court's earlier determination.  Second, petitioner's claim that counsel was ineffective for failing to independently test exculpatory evidence has no arguable basis in law or fact.  Ducros did not

demonstrate that his counsel acted unreasonably in failing to have the murder weapon DNA-tested, or that, but for counsel's failure, the verdict would have been different.  Nor does Ducros's claim that his counsel presented a "bogus" defense theory have an arguable basis in law or fact.  A defendant's desire to have a specific defense theory presented does not amount to ineffective assistance of counsel.  *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002).  Further, petitioner's claim that counsel was ineffective for failing to call defense witnesses has no arguable basis in law or fact.  Ducros does not identify the witnesses who should have been called, or provides any proof that the testimony of the unidentified witnesses would have altered the outcome of the trial.  Finally, because, as discussed above, the court's instructions were not objectionable, counsel was not ineffective for failing to object to the instruction.

For the reasons stated in the Report and Recommendation adopted by the Court, the Court did not issue a certificate of appealability.  Specifically, the Court found that after reviewing each of Ducros's claims on the merits, Ducros had not made a substantial showing of the denial of a constitutional right and the issues would not engender debate among reasonable jurists.

Based on the foregoing, the Court finds that Ducros's assertions do not have an arguable basis in law or in fact, and his appeal is therefore frivolous.

## III. CONCLUSION

Accordingly, the Court DENIES Ducros's motion for leave to appeal *in forma pauperis*.

New Orleans, Louisiana, this ___3rd___ day of October, 2011.

*Sarah Vance*
_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**