```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

DAVID DUCROS                                 CIVIL ACTION

VERSUS                                       NO: 09-6977

BURL CAIN, WARDEN                            SECTION: R
```

## AMENDING ORDER AND REASONS

This order vacates the Court's order (R. Doc. 30) which denied Ducros's motion for leave to appeal *in forma pauperis*. Because the Court was not aware that the previous Judge on this matter issued a certificate of appealability, the Court determines that its earlier order was in error and enters the following order GRANTING Ducros's motion for leave to file *in forma pauperis*.

## I. Background

Ducros is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He was convicted of second-degree murder in state court and was sentenced to life in prison without benefit of parole, probation, or suspension of sentence on December 4, 2003.

After unsuccessfully proceeding through the state appeal and post-conviction process, Ducros filed a habeas corpus petition asserting a number of claims. These claims included a challenge to the state-court's jury instructions, a contention that his

counsel was constitutionally ineffective, and an assertion that there was insufficient evidence to convict him.  The Magistrate Judge recommended that all of his claims be denied on the merits.[1]  This Court adopted the Report and Recommendation[2] and issued a certificate of appealability.[3]  Ducros moved to proceed with his appeal *in forma pauperis*.[4]

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a).  A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e).  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.  *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)

---

[1] R. Doc. 16.

[2] R. Doc. 19.

[3] R. Doc. 20.

[4] R. Doc. 27.

(per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Ducros's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $219.08 for the six months before he filed this motion. Ducros reports no other accounts or resources and he is not employed. This suggests that Ducros is unable to pay the costs of appeal.

An appeal may not be taken *in forma pauperis* if it is not in good faith. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P.

24(a)(4)(B).  "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  A determination of an IFP movant's good faith, while necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits.  *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220).  "A complaint is frivolous if it lacks an arguable basis either in law or in fact."  *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).  Because Judge McNamara of this Court issued a certificate of appealability finding that Ducros made a substantial showing of the denial of a constitutional right related to the defendant's right to testify and the "reasonable doubt" charge (R. Doc. 20), the Court finds that Ducros demonstrated that his appeal is taken in good faith.

   Accordingly, the Court GRANTS Ducros's motion for leave to appeal *in forma pauperis*.


   New Orleans, Louisiana, this   17th   day of October, 2011.


   _____
   **SARAH S. VANCE**
   **UNITED STATES DISTRICT JUDGE**